USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

FRANCINE ALHEID,    :

        Plaintiff,    :    16 Civ. 6980 (PGG)(HBP)

  -against-    :    OPINION
                                       AND ORDER

TARGET CORP., et al.,    :

        Defendants.    :

------------------------------------X

        PITMAN, United States Magistrate Judge:

        I write to resolve the discovery dispute addressed in Docket Items ("D.I.") 16-18.

        This is a fairly straight forward personal injury action in which plaintiff alleges that she slipped and fell in defendants' store in Mount Vernon, New York. Plaintiff claims that her foot got caught in the base of shelving due to the absence of what plaintiff's counsel describes as an "end cap" which appears to be something that would, according to plaintiff, ordinarily cover the opening in which plaintiff's foot got caught. Plaintiff claims that she fell as a result of her foot getting caught, suffered a broken hip and required hip replacement surgery.

        The current dispute arises out of a deposition notice plaintiff served seeking a 30(b)(6) deposition of Target

Corporation ("Target"). The notice of deposition attaches a list of 43 topics, at least one of which includes 22 sub-topics. Defendants have served objections to the notice, claiming that it is premature, that Target will produce the witness with the most knowledge of the accident and that Target will consider producing a 30(b)(6) witness after the most knowledgeable witness is deposed. In its letter in response to plaintiff's motion to compel, Target also makes the conclusory assertion that the notice is over broad, but does not cite any specific examples in support of this contention. Plaintiff seeks to compel Target to produce a 30(b)(6) witness in response to her notice.

Among other things, Rule 30(b)(6) was intended to address the problem that arises when the party seeking discovery from an entity does not know which individuals within the entity have knowledge of the relevant facts. It addresses the problem by permitting the party seeking discovery to identify the topics with respect to which discovery is sought and then imposing an obligation on the party from which discovery is sought to produce a witness or witnesses prepared to testify with the knowledge of the entity concerning the specified topics. 8A Charles Wright, Arthur Miller, Richard Marcus, Federal Practice & Procedure § 2103 at 452-53 (3rd ed. 2010); 2 Michael Silberberg, Edward M. Spiro, Judith L. Mogul, Civil Practice in the Southern District

of New York 16:5 at 142-43 (2016-2017 ed.).

> "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." Id. (internal quotation marks omitted). After a deposing party serves a "satisfactory notice," the responding party must "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, No. 10-cv-1391 (LGS) (JCF), 2013 WL 1286078 at *2 (S.D.N.Y. Mar. 28, 2013) (internal quotation marks omitted). It is well settled, therefore, that "Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice," and "if they do not possess such personal knowledge . . . the corporation is obligated to prepare them so that they may give knowledgeable answers." Spanski Enters., Inc. v. Telewizja Polska, S.A., No. 07-CV-930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009); see also Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06-cv-6198 (LAK) (JCF), 2009 WL 773344, at *1 (S.D.N.Y. Mar. 18, 2009) ("A corporation has an affirmative duty to prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." (internal quotation marks omitted)). "Producing an unprepared witness is tantamount to a failure to appear." Rahman, 2009 WL 773344 at *1.

Bush v. Element Fin. Corp., 16 Civ. 1007 (RJS), 2016 WL 8814347 at *2 (S.D.N.Y. Dec. 13, 2016) (Sullivan, D.J.). The testimony of a 30(b)(6) witness with respect to the topics in the notice of

3

deposition is binding on the entity, although the corporation may offer the testimony of other witnesses to correct, explain or supplement the testimony of the 30(b)(6) witness. Keepers, Inc. v. City of Milford, 807 F.3d 24, 34-35 (2d Cir. 2015). Where a 30(b)(6) deposition seeks facts, as opposed to contentions, there is no requirement in the Federal Rules of Civil Procedure or the case law that the party seeking discovery first resort to other discovery vehicles.

In support of their contention that plaintiff must pursue discovery through other means before seeking a Rule 30(b)(6) deposition, defendants cite the following language from JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (Rakoff, D.J.): "In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." Defendants are clearly misinterpreting the foregoing language. The phrase "which, to the extent discoverable at all prior to trial, must be discovered by other means" modifies "contentions and legal theories" -- not "facts." Judge Rakoff's subsequent discussion of the 30(b)(6) notice at issue clearly states that the deficiency with the notice was that it was

4

seeking work product and contentions, not facts.[1]  He nowhere

---

[1] Judge Rakoff explained his ruling as follows:

> [P]laintiff sought, pursuant to Rule 30(b)(6), to compel each defendant surety company to produce a witness who would identify those facts each defendant had learned <u>after</u> issuing the surety bonds that led that defendant to now claim that the purported performance contracts were actually disguised loans. For example, plaintiff's first request sought:  "The facts discovered or learned by defendant . . . on or after September 29, 1998, which convert or otherwise change the . . . [f]orward [s]ale [c]ontract, dated December 18, 1997, . . . between [Enron Corporation and Mahonia Limited] for which [the defendant] issued a[ ] ... [s]urety [b]ond, dated September 29, 1998, from a performance obligation to a loan . . . ."  Plaintiff's Letter Brief in Support of Motion to Compel, Ex. A at 1-2 (Notice of Deposition).
>
> Even if viewed, superficially, as a request for factual knowledge, plaintiff's request would have to be denied as irrelevant to any material fact issue in this case. Given the parties' respective claims, <u>supra</u>, what each defendant knew at the time it issued its bonds is highly relevant; but what it may have learned since then is entirely irrelevant.  This is because the parties' respective obligations and liabilities are a function of what they knew, and what they disclosed or failed to disclose, at the time they entered their contractual relationships, not thereafter.
>
> This is not to gainsay that it might be useful to plaintiff in preparing its defense to know precisely which allegedly undisclosed facts defendants now contend would, if revealed, have placed defendants on notice that the underlying performance contracts were, as alleged, <u>de facto</u> loans -- though plaintiff never sought permission of the Court to propound a contention interrogatory in this regard.  But to the extent plaintiff seeks such a particularization (beyond that afforded by the pleadings), plaintiff is really seeking
> (continued...)

5

suggested that other discovery methods had to be exhausted before a party sought a 30(b)(6) deposition. See also Liveperson, Inc. v. 24/7 Customer, Inc., 14 Civ. 1559 (RWS), 2015 WL 4597546 at *7 (S.D.N.Y. July 30, 2015) (Sweet, D.J.) (citing JPMorgan to sustain objections to a 30(b)(6) notice seeking, among other things, a witness to testify to "facts supporting contention of patent infringement . . . facts supporting contention of violation of intellectual property . . . facts supporting contention of spyware deployment and system disruption").

In contrast to the notices in JPMorgan and Liveperson, with three exceptions,[2] the 30(b)(6) notice does not seek defendants' contentions or their work product. The notice does not seek to have defendants identify the facts that support their

---

[1](...continued)
  defendants' protected work product. This, indeed, is the more fundamental objection to plaintiff's 30(b)(6) request. Under the guise of requesting "facts" that defendants now contend changed their view of the transactions, plaintiff is really requesting defendants' mental impressions, conclusions, opinions, and legal theory. Such classic work product is properly shielded from discovery, Fed.R.Civ.P. 26(b)(3), absent a much more compelling need than any here shown by plaintiff.

JPMorgan Chase Bank v. Liberty Mut. Ins. Co., supra, 209 F.R.D. at 363 (emphasis and alterations in original).

[2]Topics 1, 20 and 21 seek contentions or work product, and defendants need not produce a witness prepared with respect to these topics.

contentions, rather it seeks only facts.

To the extent defendants suggest that they are entitled to take plaintiff's deposition before plaintiff deposes defendants, defendants' objection is frivolous. There is no priority of depositions in federal practice. Demarco v. Stony Brook Clinical Practice Mgm't Plan, CV-06-4305 (JG)(ARL), 2007 WL 1839823 at *1 (E.D.N.Y. June 26, 2007) (collecting authorities). Because it appears that plaintiff noticed defendants' deposition first, that deposition should proceed first. Boxer v. Smith, Kline & French Labs., 43 F.R.D. 25, 27 & n.1 (S.D.N.Y. 1967) (Motley, D.J.).

Accordingly, except with respect to over breadth and Topics 1, 20 and 21, defendants' objections to plaintiff's 30(b)(6) notice are overruled.

Some of the topics in plaintiff's notice are plainly overly broad. For example, Topic 24 seeks a witness prepared with knowledge of "Defendant's Store Manager Training Policies for the five year period preceding Plaintiff's fall in the store." This topic appears to have little to do with determining whether there was an unreasonably dangerous condition in defendants' Mount Vernon store that was a proximate cause of plaintiff's fall. Accordingly, the parties are directed to have a viva voce conversation, either in person or by telephone, in an

effort to narrow the topics in dispute; an exchange of emails or other correspondence does not comply with this Order. If the parties are unable to resolve their disputes concerning the breadth of the topics, they are to report for a discovery conference on September 11, 2018 at 2:00 p.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York. No later than 5:00 p.m. on September 8, 2017, counsel are directed to send a fax to my chambers ((212) 805-6111) either advising that they have resolved their remaining disputes or identifying the deposition topics that remain in dispute.

Dated: New York, New York
August 29, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8